Dear Ms. Fontenot and Mayor Normand:
This office is in receipt of your request for an opinion of this office in regard to proposed ordinances concerning the Town Police Department. You ask whether any of the provisions are in conflict with the Lawrason Act, and if any of these provisions would be unenforceable. You specifically ask if the ordinance 10.1A concerning the Assistant Chief of Police provides more protection than he or she would be afforded under the Lawrason Act, if ordinance 10.1A(c) validly permits the mayor to assign duties to that officer, as well as require written and verbal reports from the assistant chief.
In response to our inquiry we have been informed that the Chief of Police is an elected position which has been repeatedly recognized by this office as the chief law enforcement officer who has the inherent power and authority to supervise and direct the administration and day to day operation of the police department, and the governing authority cannot infringe upon this inherent power and authority. However, while this office has noted that the Chief of Police is responsible for law enforcement of all state laws and ordinances within the municipality, he also is obliged under R.S. 33:423 "to perform all other duties required of him by ordinance."
In the provisions for "Additional duties of the Chief of Police", Sec. 10.3(b), it appears these are all duties that are required by the chief law enforcement officer by state statute or that the governing authority may call upon the Chief of Police to perform, and does not restrict his authority. While it specifies he has no authority to hire policemen, but shall make recommendations for the hiring, this office has recognized in Atty. Gen. Op. 01-329 that the elected chief of police makes recommendations for the hiring or appointment of police personnel, but does not have the unilateral authority to hire and fire police personnel. This of course, would include the Assistant Chief of Police whose hiring and firing is upon recommendation of the Chief by the governing authority.
We note that Sec. 10.3(c) is in regard to restrictions on property and equipment of the police department and it restricts the Chief and department from disposing of or converting property "to private use", or that use of police department property or equipment shall not be discontinued without recommendation of the Chief and approval of the governing authority.
We find nothing wrong with prohibiting use of police department equipment for private use except this office has recognizes that the Chief has the power to authorize use of police vehicles to and from work for officers on call. Atty. Gen. Op. 00-504. However, we do not find using a police vehicle to and from work when on call is for personal use or that this constitutes converting property "to private use". This office has concluded that personal use of a police vehicle must be approved by the council. Atty. Gen. Op 00-404.
Section 10.4 provides for "Additional duties of police officers" and in this regard we find this contains directives that may infringe on the power and authority of the elected Chief of Police. We do not find that the ordinance can mandate policemen to "obey and perform all lawful directives and orders of the Mayor, Council and of the Chief of Police" unless we restrict "lawful" directive to mean a directive that does not interfere with the authority of the Chief of Police. However, we would question the broadness of this provision.
Similarly, we would also question the validity of the directive that the policemen "prepare and file a daily report on a form supplied by the Mayor and Council of each shift or period worked by him", and make current entries in the jail record book during his shift. This is a matter to be controlled by the elected chief of police, and the requirement interferes with his authority.
This reasoning would also be applicable to the provision in regard to the Assistant Chief of Police wherein it is provided he shall be accountable to the Chief of Police and perform such duties as assigned by the Chief of Police "or the Mayor", and make such written and verbal reports as the Chief of Police "or the Mayor and Council may require." The governing authority cannot revoke or impair the inherent powers of an elected chief of police which powers have been defined as the power to supervise the operation of the police department and assign its personnel and control its equipment.
Insofar as prohibiting "loitering", we must conclude as found in Scottv. District Attorney, Jefferson Paris, State of Louisiana, 309 F. Supp. 833
(E.D.La. 1970) in regard to the provisions of R.S. 14:107 wherein vagrancy prohibits loitering around any public place without lawful business or reason to be present, that the vagueness of the provision makes it impossible to define concretely. With reliance upon the Scott
case, in Atty. Gen. Op. No. 92-433 this office found a Cheneyville ordinance identical to the provisions of R.S.14:107(7) unenforceable because of vagueness and overbreadth.
It would appear logical that the Assistant Chief of Police would serve as acting Chief of Police in the absence of the Chief of Police, but this decision must be made by the elected Chief of Police and cannot be mandated by the governing authority.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr